(53 Misc. Rep. 556)

## CLARK v. HARRIS.

(Supreme Court, Appellate Term. April 10, 1907.)

1. CONTRACTS—ACTIONS FOR BREACH—SUFFICIENCY OF EVIDENCE.

In an action by a contractor, who had completed the contract of another person, who had abandoned it, brought for extra materials furnished and work done, evidence examined, and *held* sufficient to show that the defendant contracted for the work.

2. SAME.

Where a party orders extra work done, not required by a building contract, and receives the benefit thereof, he cannot avoid liability by taking advantage of certain requirements in the specifications, providing for the doing of extra work, which had been disregarded by himself, as well as the contractor.,

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1075–1076.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by William G. Clark against Samuel Harris. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Charles B. Harris, for appellant.
James F. Higgins, for respondent.

PER CURIAM. The action was brought to recover a balance due on three separate contracts or causes of action—i. e., a general contract for plumbing and gasfitting, $1,450; a contract to furnish two new hot-water steel tanks, at an agreed price of $175; and a contract to furnish a new wooden roof tank, at an agreed price of $150. The answer was a general denial, that another cause of action is pending between the same parties for the same cause of action, and a counterclaim of $300 for failure to complete work in agreed time. Plaintiff testified that he was performing certain work for a general contractor named Margulies on premises in Orchard street; that after he had been working about three weeks Margulies abandoned the contract; that defendant requested plaintiff to carry out the contract and complete it, and said that he (the defendant) would see that plaintiff was paid; and that plaintiff proceeded with the work and completed it, and was paid on account $1,350. He further claims that he was asked to do some other work by the defendant, and he testified thus:

"I had a conversation with him in relation to two steel tanks and one roof tank. Mr. Harris asked me to examine the tank that was on the premises and see if it was fit for use, and I made an examination of the tank, and found it was useless and defective, and could not be used again. He therefore asked me to get him an estimate to provide a hot-water tank of the same size as the present tank. I got him the estimate, and he thought the estimate was too high. Q. Did you and he finally agree? A. Yes; I agreed to furnish two hot water steel tanks and connect them for $175. I told him how much I would charge. I told him I would. charge $175. He said: 'All right; go ahead and get them.' I got them. Q. What about the other tank? A. The water pressure was not heavy enough. I said: 'You will have to provide a roof tank.' He said: 'Give me an estimate on it.' I· gave him an estimate, and he said: 'All right; go ahead and furnish it.' Q. What was the price? A. $150. Did you furnish it? A. I did."

And he further testified:

"I had not been paid anything on account of the two tanks, and the balance on the first contract, the whole amount of $425, was due."

The following letter, signed by the defendant, was offered in evidence:

"New York, Sept. 5th, 1906.

"Mr. William G. Clark, 438 West 40th St., N. Y. City—Dear Sir: Enclosed please find check for $350.00, all I can spare for the present time. According to your statement there has been due you: $475.00, contract; $150. (roof) tank; and $175.00, (steel) tanks; total, $800. Deducting the enclosed check, leaving a balance due, $450.00. Kindly acknowledge receipt of same and statement of balance due you according to aforesaid.

"Yours, S. Harris,"

The defendant in his testimony denied that he ever asked the plaintiff to perform any extra work, and denied that he at any time had any conversation with him at all about extra work. And his son, who was called as a witness, testified to the same effect and attempted to prove the counterclaim. The defendant, also, was afterwards recalled and gave some evidence in regard to the counterclaim. Plaintiff in his testimony admitted that there was a novation, whereby the plaintiff took the place of the contractor Margulies, and continued to work under the same terms and conditions. The written specifications, which were made part of the contract under which plaintiff testified he worked, provide that no work will be paid for unless ordered by the owner or his agent in writing, and unless prices are agreed upon between the owner, or his agent, and the contractor in writing, and in that event it must be specially stated that the works to be done are extra. Plaintiff on cross-examination admitted that he was suing for extra work not provided for in the original specifications, and without any written authorization or order from the defendant, and that he followed the specifications in every particular, and was familiar with all their conditions. However, the evidence, to the admission of which no objection was taken, shows that defendant requested plaintiff to do the extra work, and that plaintiff did it.

Having ordered the work done, and received the benefit of plaintiff's services, defendant can hardly hide behind this provision in the specifications, which was disregarded by defendant, as well as by plaintiff. The letter above quoted was a written admission by defendant that he authorized the work. The defendant made no point or objection at

any time that a certificate from the building department was not furnished, as required by the specifications, and it appears at the end of the plaintiff's testimony that plaintiff had had such certificate, and that he told the defendant that he had it, and that the same was offered in evidence, but was excluded upon the defendant's objection that it was not binding on defendant; but no question was raised as to the genuineness of the certificate, or that it complied with the requirements of the specifications. There are no errors in the admission or exclusion of evidence of such weight as to require a reversal.

The judgment should be affirmed, with costs.